UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LINDA MANIERI** | * | **CASE NO.:** |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **versus** | * | |
| | * | **JUDGE:** |
| **C.R. ENGLAND, INC. and** | * | |
| **ACEVES ANTHONY** | * | |
| | * | |
| **Defendants.** | * | **MAGISTRATE JUDGE:** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT,
        EASTERN DISTRICT OF LOUISIANA**

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, C.R. England, Inc.

("C.R. England"), through undersigned counsel, hereby removes the above-captioned action from

the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana, where it

is currently pending, to the United States District Court for the Eastern District of Louisiana, and

state as follows:

1.

Plaintiff, Linda Manieri, commenced this action on or about July 12, 2018 by filing a

Petition for Damages in the Twenty-First Judicial District Court for the Parish of Tangipahoa,

State of Louisiana, bearing Case No. 2018-0002224 (Division A) on the docket of said court.

1

2.

Service of process was effected on C.R. England through its agent for service of process on July 23, 2018. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders issued in state court is attached *in globo* as Exhibit A to this Notice of Removal.

3.

As set forth more fully below, this Court has original subject matter jurisdiction over Manieri's alleged claims under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy is likely to exceed the sum of $75,000, exclusive of interest and costs. This action is therefore properly removable to this Court under 28 U.S.C. § 1441.

**I.     Removal is proper because there is complete diversity of citizenship between the parties.**

4.

A civil action is removable on the basis of diversity jurisdiction if there is complete diversity between the parties and none of "the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[1]

5.

Manieri alleges in her Petition that she is domiciled in Tangipahoa Parish, Louisiana.[2] Accordingly, upon information and belief, Manieri is a citizen of Louisiana.

6.

C.R. England is a foreign corporation incorporated in the State of Utah with its principal place of business in Utah. C.R. England is therefore a citizen of Utah for diversity purposes.[3]

---

[1] *See* 28 U.S.C. § 1441(b).
[2] *See* Exhibit A, Petition for Damages, at ¶1.
[3] 28 U.S.C. § 1332(c)(1).

2

7.

Manieri alleges in her Petition that Defendant Aceves Anthony is domiciled in Bexar

County, Texas.[4] Accordingly, upon information and belief, Defendant Aceves Anthony is a citizen

of Texas. Defendant Aceves Anthony has not yet been served.

8.

Thus, this action satisfies the complete diversity requirement because Manieri is of diverse

state citizenship from defendants, C.R. England and Aceves Anthony. Further, none of the parties

in interest properly joined and served as defendants is a citizen of Louisiana, the state in which

this action was brought.[5]

**II.     This action satisfies the amount in controversy requirement because Plaintiff's alleged claims are likely to exceed the sum or value of $75,000.**

9.

Consistent with Louisiana law, Manieri does not specify a numerical dollar amount in the

Petition.[6] The Fifth Circuit Court of Appeals has instructed that, in such a situation, the removing

defendant must prove by a preponderance of the evidence that the amount in controversy exceeds

$75,000.[7] The defendant may make the requisite showing either (1) by demonstrating that it is

"facially apparent" that the claims are likely to exceed $75,000 or (2) by "setting forth facts in

controversy," preferably in the removal petition, that support a finding of the requisite amount.[8]

---

[4] *See* Ex. A, Pet., at ¶3. Though the Petition for Damages identifies the adverse driver involved in the subject automobile accident as "Aceves Anthony," further investigation of Manieri's claims has revealed that the actual identity of the driver to whom the Petition refers is, in fact, Mark Anthony Aceves. It is believed that Mark Aceves is, and was at the time Manieri commenced this action, a citizen of Texas.
[5] 28 U.S.C. § 1441(b).
[6] *See* La. Code Civ. Proc. art. 893 A(1); *Bateman v. Toys "R" Us-Delaware, Inc.*, 2017 WL 3492536, at *2 (M.D. La. July 26, 2017).
[7] *DeAguilar v. Boeing*, 11 F.3d 55 (5th Cir. 1993).
[8] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

10.

Whether Manieri's claims are likely to exceed $75,000 is not facially apparent from the Petition alone. But the allegations of damages in the Petition, supplemented with additional details regarding Manieri's injuries and medical treatment, provide sufficient information to support a finding of the requisite amount in controversy.[9]

11.

The Petition alleges that, on or about July 23, 2017, Manieri was involved in a motor vehicle collision.[10] The Petition further seeks recovery for the following damages allegedly sustained as a result of this accident: past, present, and future physical pain and suffering; past, present, and future mental anguish and anxiety; past, present, and future medical and rehabilitation expenses; loss of enjoyment of life; and property damage.[11]

12.

Documents received by C.R. England through discovery demonstrate the following:

(a)     The medical records indicate that, since the accident, Manieri has suffered, and continues to suffer from, constant pain in the cervical and lumbar regions, along with increased anxiety.[12]

(b)     The medical records indicate that Manieri has been diagnosed with the following conditions since the subject incident: cervicalgia; cervical spondylolisthesis; cervical radiculopathy; lumbar radiculopathy; lumbar disc displacement; and cervical disc displacement.[13]

---

[9] *See* 28 U.S.C. § 1332(a).
[10] *See* Ex. A, Pet., at ¶¶6-8.
[11] *Id*. at ¶14.
[12] *See* Exhibit B, Medical Records Obtained by C.R. England from The NeuroMedical Center, at p. 1-2.
[13] *See id*. at p. 6-7; Exhibit C, Medical Records Obtained by C.R. England from Cypress Pointe Pain Management, at p. 3.

(c)     According to the medical records, Manieri's MRIs revealed the following pathology: "moderate severe disc space narrowing" at L4-5;[14] "moderate disc bulging" at L3-4 with "mild right-sided foraminal narrowing;[15] "moderate severe disc bulge" at C6-7 with "moderate severe right-sided foraminal narrowing with nerve root contact and possible impingement;"[16] "moderate disc space narrowing and moderate disc bulge" at C5-6 with "moderate bilateral foraminal narrowing and suspected nerve roote contact;"[17] and "moderate left-sided facet arthrosis at C4-5 with mild periarticular osseous edematous signal indicating active arthritis."[18]

(d)     Manieri's medical treatment to date has included consistent physical therapy,[19] chiropractic therapy,[20] and prescription medications.[21]

(e)     The medical records indicate that Manieri intends to proceed with the cervical epidural steroid injections at C7-T1, which were previously recommended by her treating pain management physician, Dr. Chad Domangue.[22]

(f)     The medical records demonstrate that Manieri is currently under the care of neurosurgeon, Dr. Eric Oberlander, who has recommended ACDF surgery at C4-7 to correct the cervical issues indicated in Manieri's cervical MRI.[23]

---

[14] *See* Exhibit D, Medical Records Obtained by C.R. England from Cypress Pointe Surgical Hospital, at p. 2.
[15] *See id.*
[16] *See id.* at p. 1.
[17] *See id.*
[18] *See id.*
[19] *See* Exhibit E, Medical Records Produced by Plaintiff.
[20] *See* Exhibit F, Medical Records Obtained by C.R. England from Anthon Chiropractic Care.
[21] *See* Ex. B at pp. 1, 7; Ex. D at pp. 1, 3.
[22] *See* Ex. D at pp. 1, 3.
[23] *See* Ex. B at p. 7.

(g)     Manieri specifically advises in her discovery responses that she intends to make a

claim for all lost wages incurred in connection with the subject accident, including

the 28 days of work she has missed to date.[24]

To sum up, the medical records received by C.R. England indicate that Manieri has suffered

various disc bulges in the cervical and lumbar regions,[25] has been declared a surgical candidate,[26]

and plans to move forward with the epidural steroid injections recommended by Dr. Domangue to

treat her ongoing neck pain.[27]

13.

Louisiana courts have affirmed damages awards in excess of $75,000 for injuries similar

to those allegedly sustained by Manieri, with and without prospects for future surgery.[28]

---

[24] *See* Exhibit G, Plaintiff's Answers to Interrogatories, at p. 2.

[25] *See* Ex. D; Ex. B at p. 7.

[26] *See* Ex. B at p. 7.

[27] *See* Ex. C at p. 3.

[28] *See, e.g.*, *Smith v. Goetzman*, 97-0968 (La. App. 1st Cir. 9/25/98), 720 So.2d 39 (affirming general damage award of $80,000 to plaintiff who suffered moderate L4-5 disc bulge, slight L5-S1 disc bulge, and pain in his back and legs, which was treated conservatively, though future surgery was not discounted, along with clinical depression as a result of his injuries and pain); *Hebert v. Boesch*, 15-1797 (La. App. 1st Cir. 6/3/16), 194 So.3d 798 (affirming award of $75,000 in pain and suffering to motorist who alleged neck and back injuries, for which he received chiropractic treatment and was evaluated by an orthopedic surgeon, who diagnosed him with two disc bulges and recommended physical therapy and medication, along with elective cervical epidural steroid injections, which the motorist declined); *Strother v. Continental Cas. Ins. Co*., 05-1094 (La. App. 3d Cir. 11/22/06), 944 So.2d 774 (affirming general damages award of $144,000 to plaintiff who was diagnosed with cervical and lumbar strains due to an automobile accident, for which he treated conservatively with medication and physical therapy, incurring $44,986.75 in past medical expenses). *See also Corkern v. Outback Steakhouse of Florida, Inc*., 2006 WL 285994 (E.D. La. Feb. 6, 2006) (denying plaintiff's motion to remand and finding that amount-in-controversy requirement was met where plaintiff alleged back injuries that continued to require medical treatment and that might ultimately require surgical intervention, and sought recovery of damages for pain and suffering, mental anguish, loss of enjoyment of life, and past and future medical expenses); *Robinson v. Kmart Corp*., 2011 WL 2790192 (M.D. La. Apr. 28, 2011), *report and recommendation adopted*, 2011 WL 2937952 (Jul. 14, 2011) (finding that amount-in-controversy requirement was met where record revealed that plaintiff suffered multiple herniated discs that may require surgery in the future, soft tissue injuries, and other physical injuries).

14.

Where, as here, the plaintiff has received a surgical recommendation and is likely to undergo the procedure, federal district courts generally find there to be sufficient damages to support diversity jurisdiction.[29]

15.

Furthermore, nowhere in the Petition does Manieri allege that the amount of damages sought is less than the requisite amount, as required by Louisiana Code of Civil Procedure Article 893A(1). The absence of such an allegation in the Petition is further indicative of a sufficient amount in controversy.[30]

16.

Therefore, upon review of the general allegations of the Petition in light of additional details regarding the current status of Manieri's injuries and medical treatment—including recommendations for cervical epidural steroid injections and a multi-level ACDF surgery—Defendants submit that Manieri's alleged claims are likely to exceed $75,000, exclusive of interest and costs.[31]

**III.    C.R. England has satisfied the procedural requirements for removal.**

17.

The Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana is located within the Eastern District of Louisiana.[32] Therefore, this Court is the proper venue for

---

[29] *Espadron v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 3168417, at *3 (E.D. La. Aug. 9, 2010). *See also Fradella v. Wal-Mart Stores, Inc.*, 2004 WL 2297474 (E.D. La. Oct. 13, 2004) (holding that evidence that plaintiff's injury would likely require surgery, along with medical costs and pain and suffering, was sufficient to meet jurisdictional threshold).

[30] *See Machinery Paver Sales Inc. v. Bomag Americas, Inc.*, 2007 WL 2900849, at *3 (M.D. La. Oct. 1, 2009).

[31] *See Luckett*, 171 F.3d 295, 298 (5th Cir. 1999).

[32] 28 U.S.C. § 98(a).

this case, as the Eastern District of Louisiana is the "district and division embracing the place where such action is pending."[33]

18.

28 U.S.C. § 1446(b) provides as follows: "[A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Discovery-type documents received after the initial pleading which relate to the amount in controversy are generally considered "other paper" within the meaning of 28 U.S.C. § 1446(b).[34]

19.

The allegations in Manieri's Petition regarding her damages are generic and provide a limited description of the damages allegedly sustained by Manieri in connection with the subject accident. Accordingly, C.R. England issued various requests for medical records to Manieri's healthcare providers. And on February 21, 2019, in response to a request for updated medical records, C.R. England obtained additional records from Manieri's treating pain management physician, which revealed information supporting removal. Thus, this Notice of Removal is timely filed because it is filed within 30 days of receipt by C.R. England of a copy of "other paper" from which C.R. England was first able to ascertain that this case had become removable.[35]

---

[33] *Id*. at § 1441(a).
[34] *See Chapman v. Powermatic, Inc*., 969 F.3d 160, 164 (5th Cir. 1992); *Eggert v. Britton*, 223 Fed.Appx. 394, 396-97 (5th Cir. 2007).
[35] *See* 28 U.S.C. § 1446(b)(3).

20.

Upon information and belief, service of process has not been effected on Defendant Anthony Aceves. Thus, Defendant Anthony Aceves need not consent to removal.[36]

21.

No previous application has been made for the relief requested herein.

22.

Per 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders as exists in the state court record at the time of removal are attached as Exhibit A.

23.

A copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed in the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, C.R. England, Inc., prays that the above numbered and entitled cause on the docket of the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana, be removed from that court to the docket of the United States District court for the Eastern District of Louisiana.

---

[36] *See id*. at § 1446(b)(2).

Respectfully submitted:

IRWIN FRITCHIE URQUHART & MOORE LLC


*/s/ Matthew W. Bailey*
MATTHEW W. BAILEY
Bar Roll No. 21459
SHANNON M. JAECKEL
Bar Roll No. 37738
HILLARY A. BROUILLETTE
Bar Roll No. 38143
400 Convention Street, Suite 1001
Baton Rouge, Louisiana 70802
Telephone: (225) 615-7150
Facsimile:  (504) 310-2101
mbailey@irwinllc.com
sjaeckel@irwinllc.com
hbrouillette@irwinllc.com

*Counsel for Defendant, C.R. England, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2019, the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to Plaintiff's counsel by e-mail or United States Mail, postage prepaid.

*/s/ Matthew W. Bailey*
Matthew W. Bailey