UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LINDA MANIERI                                   CIVIL ACTION

v.                                              NO. 19-2805

CR ENGLAND, INC. and
ACEVES ANTHONY                                  SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand on the ground that removal was untimely. For the reasons that follow, the motion is DENIED.

**Background**

This personal injury accident arises out of a motor vehicle accident.

On July 23, 2017, Linda Manieri was driving her vehicle on Southwest Railroad Avenue in Tangipahoa Parish. When Aceves Anthony attempted to change lanes, he entered Ms. Manieri's lane and struck the passenger side of her vehicle. Alleging that she was injured as a result of the defendants' negligence, on July 12, 2018, Ms. Manieri sued Aceves Anthony and his employer, C.R. England, Inc., in state court.

Defendant C.R. England removed the lawsuit to this Court on March 22, 2019, invoking the Court's diversity jurisdiction.[1] The

---

[1] At the time the Notice of Removal was filed, defendant Aceves Anthony had not been served.

1

plaintiff now moves to remand on the ground that removal was untimely.

I.

*A.*

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Remand is proper if at any time the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Given the significant federalism concerns implicated by removal, the removal statute is strictly construed "and any doubt about the propriety of removal must be resolved in favor of remand." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted).

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case -- that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). To exercise diversity jurisdiction, complete diversity must exist between the plaintiff and all of the properly joined defendants,

and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a)(1).

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno, 276 F.3d at 723 (citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)). When the plaintiff has alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. Manguno, 276 F.3d at 723; Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). If the removing defendant cannot show that the amount in controversy is facially apparent, it may be able to "set[] forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." Luckett, 171 F.3d at 298.

If the removing party satisfies its burden, the plaintiff can only defeat removal by showing that it is "legally certain that

3

his recovery will not exceed the amount stated in the state complaint." De Aguilar, 47 F.3d at 1412; see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").

*B.*

A defendant must file a notice of removal within 30 days of service of the petition. 28 U.S.C. § 1446(b). However, "if the case stated by the initial pleading is not removable," the defendant may remove the case within 30 days of receiving a copy of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Section 1446(b) calls for the application of a two-step test for determining whether a defendant timely removed a case. See Chapman v. Powermatic, Inc., 969 F.2d 160, 161 (5th Cir. 1992). First, the Court must determine whether the case could be removed based on the initial pleading under § 1446(b)(1). The 30-day time period "in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Id. at 163. Application of this bright-line rule, the Fifth Circuit instructs, requires a plaintiff who wishes to

4

trigger the 30-day time limit at the defendant's receipt of the initial pleading to specifically allege in that initial pleading that damages exceed $75,000. Id. Notably, a defendant's subjective knowledge about the amount in controversy is not relevant for purposes of triggering the 30-day clock. Id.

Second, if the initial pleading does not "affirmatively reveal on its face" that the amount in controversy exceeds $75,000, the defendant may remove the case within 30 days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Fifth Circuit has held that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002). This "other paper" must be received after the initial pleading in order to start the 30-day clock. Chapman, 969 F.2d at 164.

If a case is not originally removable due to generic damages allegations in a state court pleading, responses to discovery can constitute "other paper." See 28 U.S.C. § 1446(c)(3). However, "if a defendant has to conduct independent research by consulting 'quantum books,' then the discovery responses are not sufficiently

5

unequivocally clear and certain to trigger the 30-day removal period." Johnson v. Packaging Corp. of Am., No. 18-613, 2019 U.S. Dist. LEXIS 44968, at *11 (M.D. La. Feb. 27, 2019) (internal quotations and citations omitted).

II.

*A.*

To determine whether removal was timely, the Court must first consider whether the plaintiff specifically alleged in her state court petition that her damages exceed $75,000. In her petition, Ms. Manieri alleged the following damages: (1) past and future pain and suffering, (2) past and future mental anguish and anxiety, (3) past and future medical and rehabilitation expenses, (4) loss of enjoyment of life, and (5) property damage. But she included neither a prayer for a specific amount of monetary relief, nor any facts concerning the manifestation or nature of her injuries. Because Ms. Manieri's state court petition does not "affirmatively reveal[] on its face" that she seeks damages in excess of $75,000, the defendant's receipt of her petition did not trigger the timing provisions of § 1446(b)(1). See Chapman, 969 F.2d at 163.

*B.*

Having determined that the initial pleading did not start the 30-day removal clock, the Court must consider whether any "other paper" activated the 30-day time period, and if so, whether the defendant timely removed within that period. The defendant

contends that removal was timely under § 1446(b)(3) because the March 22, 2019 notice of removal was filed within 30 days of the February 21, 2019 receipt of updated medical records from the plaintiff's treating physician. The plaintiff embraces the position that removal was untimely because the 30-day clock had already been triggered on September 19, 2018 when the defendant received responses to interrogatories and requests for production of documents that shed light on the nature and extent of Ms. Manieri's injuries. Considering each set of documents in turn, the Court finds that neither constitutes "other paper."

*i.*

In the first set of discovery responses, received on September 19, 2018, the plaintiff disclosed that: (1) her injury was unresolved, and she planned to continue further treatment; (2) she had already incurred $14,641.20 on treatment and lost $4,014.18 in past wages; (3) her physician recommended cervical epidural steroid injections, although she wanted "time to think about injections," and (4) she had been referred to another doctor to consult regarding whether she would be a candidate for surgery. Although the defendant might have been able to infer from these admissions that the amount in controversy requirement was satisfied, because it "was not unequivocally clear and certain, the thirty-day clock did not begin running when [C.R. England] received these discovery responses." See Green v. Geico Gen. Ins.,

Co., No. 15-3968, 2015 U.S. Dist. LEXIS 139887, at *13 (E.D. La. Oct. 14, 2015).

*ii.*

Among the updated medical records C.R. England received on February 21, 2019 include the opinion of Dr. Eric Oberlander that Manieri's cervical disc bulges require a C4-7 ACDF surgery to correct, and Dr. Domangue's report that Manieri intends to proceed with the cervical epidural steroid injections he had previously recommended. While the updated medical records indicate that Ms. Manieri is considering cervical disc surgery and will undergo epidural steroid injections, neither these documents (nor any of the defendant's other submissions) refer to the cost of such treatment. See Smith v. Wal-Mart Louisiana, LLC, No. 13-2368, 2013 U.S. Dist. LEXIS 127080, at *10 (W.D. La. Sept. 5, 2013) (finding that recommendation for cervical disc surgery, in the absence of a specific damages estimate, did not trigger second 30-day removal period); see also Johnson, 2019 U.S. Dist. LEXIS 44968, at *11 ("[I]f a defendant has to conduct independent research by consulting 'quantum books,' then the discovery responses are not sufficiently unequivocally clear and certain to trigger the 30-day removal period."). Because Manieri's updated medical records do not constitute "unequivocally clear and certain" evidence that the amount in controversy exceeds $75,000, the 30-day time limit

8

to remove under § 1446(b)(3) was not triggered on February 21, 2019 when C.R. England received the records.

Where, as here, a defendant files a notice of removal before the 30-day time period of § 1446(b)(3) is invoked, remand is not always the result. Notably, courts within this Circuit have "denied remand where, although the 30-day period for filing a notice of removal pursuant to 28 U.S.C. § 1446(b)(3) was not triggered, the amount in controversy requirement was satisfied." Johnson v. Packaging Corp. of Am., No. 18-613, 2019 U.S. Dist. LEXIS 44968, at *12-13 (M.D. La. Feb. 27, 2019) (citing Daniel v. Lowe's Home Centers, L.L.C., No. 16-374, 2016 U.S. Dist. LEXIS 152954 (M.D. La. Oct. 11, 2016)); see also Chandler v. Ruston Louisiana Hospital Co. LLC, No. 3:14CV121, 2014 U.S. Dist. LEXIS 36943 (W.D. La. Mar. 19, 2014). These courts have explained:

> The "unequivocally clear and certain" standard is applied when a court is determining whether a defendant has timely removed, not whether removal was permissive. Stated differently, the Section 1446(b)(3) 30-day clock acts as a ceiling or limit on removal, not as a jurisdictional floor . . . . If, before the 30-day clock starts, a defendant can demonstrate by a preponderance of the evidence that the jurisdictional threshold is met, he or she may remove without being required to "unlock" the 30-day window by presenting "unequivocally clear and certain" evidence.

See Chandler, 2014 U.S. Dist. LEXIS 36943, at *17.

The Court finds such reasoning persuasive. Although Ms. Manieri's responses to interrogatories and requests for document production did not make the amount in controversy "unequivocally

9

clear and certain" to trigger the 30-day removal period of § 1446(b)(3), the Court finds this evidence sufficient to meet the removing defendant's burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Here, plaintiff's discovery responses include medical treatment records and bills documenting past medical expenses of $14,641.20 and diagnoses of accident-related cervical disc bulges and lumbar disc degeneration. The plaintiff has also been declared a surgical candidate and plans to move forward with cervical epidural steroid injections to treat her ongoing neck pain.

Notably, Louisiana courts have affirmed awards of $75,000 in general damages alone for injuries similar to those allegedly sustained by Manieri. See Hebert v. Boesch, 194 So. 3d 798 (La. App. 1 Cir. 2016) (affirming general damages award of $75,000 where plaintiff was involved in rear-end automobile accident in which he sustained injuries to his neck, back, shoulders, chest, and shins, and where MRI scans revealed two disc bulges at C6-7 and L4-5); Strother v. Continental Casualty Ins. Co., 944 So. 2d 774 (La. App. 3 Cir. 2006) (affirming general damages award of $144,000 where plaintiff was diagnosed with a cervical and lumbar strain due to an automobile accident); Smith v. Goetzman, 720 So. 2d 39 (La. App. 1 Cir. 1998) (affirming general damages award of $80,000 where plaintiff suffered a moderate disc bulge at the L4-5 level and the possibility of a slight disc bulge at the L5-S1 level);

Cf. Lock v. Young, 973 So. 2d 831, 847 (La. App. 2 Cir. 2007) (reducing award of $150,000 in general damages for two bulging discs to $75,000).

Ultimately, although neither 30-day period set forth in § 1446 was triggered by Ms. Manieri's petition, initial discovery responses, or updated medical records, removal was nonetheless timely and is jurisdictionally proper.[2] Accordingly, for the foregoing reasons, IT IS ORDERED: that the plaintiff's motion to remand is DENIED.[3]

New Orleans, Louisiana, May 8, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] The record also establishes that the parties are completely diverse. The plaintiff is a citizen of Louisiana, C.R. England is a citizen of Utah (because it is a corporation that is incorporated in Utah and has its principal place of business there), and Aceves Anthony is a citizen of Texas.

[3] Quite obviously, if plaintiff genuinely believes her damages to be less than $75,000, she will seek less than that in settlement discussions.

11